IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY JOSEPH HARLOW        :
                             :
    v.                       :   CIVIL NO. CCB-14-3759
                             :   Criminal No. CCB-13-0171
UNITED STATES OF AMERICA     :
                        ...o0o...

**MEMORANDUM**

  Federal prison inmate Anthony Harlow pled guilty on October 31, 2013, to possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime.  On February 6, 2014, despite his potential status as a career offender and Armed Career Criminal, he was sentenced to 120 months in the custody of the Bureau of Prisons, as a result of an agreed plea negotiated by his experienced and zealous defense counsel.  On December 1, 2014, he filed a motion to vacate under 28 U.S.C. § 2255.  (Pl.'s Mot. to Vacate, ECF No. 46).  He contends that counsel was ineffective, for failing to advise him of the elements of 18 U.S.C. §924(c), and that he should have been allowed to appeal the Fourth Amendment violation he now asserts.   The government responded.  (Gov't Resp. in Opp'n to Mot. to Vacate, ECF No. 53).  Subsequently, on July 30, 2015, Harlow filed what appears to be a second motion to vacate expanding on his Fourth Amendment claim and also alleging counsel was ineffective for failing to seek a competency hearing.  (Mot. to Vacate, ECF No. 61).  All his claims have been considered, but none have merit.  His motions to vacate will be denied for the reasons explained below.

  First, Harlow waived his Fourth Amendment claim when he pled guilty, and therefore had nothing to appeal.  In any event, it appears he was arrested and searched pursuant to a valid warrant.  Second, the elements of a § 924(c) charge were properly explained to him in his plea

agreement letter, (Plea Agreement, ECF No. 35), and also by the court at the Rule 11 proceeding, (Guilty Plea Tr. 8, ECF No. 51).  Finally, far from being ineffective, counsel negotiated a favorable agreement in the face of strong evidence such that there is no reasonable likelihood Harlow would have gone to trial rather than plead guilty.  She thoroughly investigated Harlow's mental condition and persuasively presented it as a mitigating factor.  While Harlow apparently was suffering from depression, the record does not show that he entered his plea, he was "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *See* 18 U.S.C. § 4241.

      Accordingly, the motions will be denied by a separate Order which follows.


December 20, 2016                                                                                          /S/
Date                                                                                         Catherine C. Blake
                                                                                            United States District Judge